This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                             **No. 30,233**

**JOSEPH MAREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
William Lazar, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Joseph Marez appeals from the judgment and sentence, following a jury trial, convicting him of driving while intoxicated (DWI) (.08 or above). [RP 106] Defendant contends that his confrontation rights were violated when the district court allowed the supervisor of the person who actually conducted the blood test and prepared the Scientific Laboratory Division (SLD) report to give his expert opinion at trial as to the blood-alcohol test results (.29), rather than the person who actually conducted the test and prepared the report. [DS 5-6] In a memorandum opinion issued on August 18, 2010, this Court summarily affirmed Defendant's conviction based on our Supreme Court's opinion in *State v. Bullcoming*, 2010-NMSC-007, ¶ 1, 147 N.M. 487, 226 P.3d 1, which applied *Melendez-Diaz v. Massachusetts*, 557 U.S. __, 129 S.Ct. 2527 (2009), in the DWI context. [MOP]

On October 18, 2010, our Supreme Court granted Defendant's petition for writ of certiorari and held this case in abeyance pending the United States Supreme Court's decision in *Bullcoming v. New Mexico*, 131 S. Ct. 2705, which was issued on June 23, 2011. In *Bullcoming*, the United States Supreme Court reversed the defendant's conviction and remanded the case. *Id.* at 2713. On July 21, 2011, our Supreme Court issued an order remanding this case to this Court for further proceedings in light of *Bullcoming*. [Ct. App. File] Accordingly, this Court's memorandum opinion issued on August 18, 2010, was withdrawn.

In accordance with the Supreme Court's opinion in *Bullcoming*, this Court's second calendar notice proposed to hold that the district court's admission of the SLD test report, without the testimony of the person who conducted the test and prepared the results, violated Defendant's confrontation rights. [CN2] The State has filed a response, stating that it does not contest the second calendar notice and that it concurs in the proposed reversal and remand. [Ct. App. File]

For the reasons set forth in the second calendar notice, we reverse Defendant's conviction and remand to the district court for further proceedings.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**